## No. 693.

### M. T. ADAMS VS. M. GILLIS ET AL.

A judgment, annulling a tax title and recognising the party who owed the taxes as owner of the land, is error if it does not also decree the reimbursement of the purchaser by the delinquent of the sum paid in satisfaction of the claim of the State.

A debtor cannot force his creditor to pay the taxes upon the debtor's property to avoid losing the security for his debt, and then reap the benefit of his creditor's outlay caused by his own negligence or designed omission to pay the taxes.

APPEAL from the District Court for Franklin.   SMITH, J.

*Boatner & Elam* for Plaintiff.   *Hendry* for Defendants.

Margaret T. Adams bought a tract of land from Marcellin Gillis and did not pay for it, nor the taxes due upon it after her purchase. The collector sold it for the taxes of 1872 and 1873, and Gillis bought and took title from the collector, which was recorded in December, 1874.   The land had already been returned to the Auditor's office as delinquent, and Gillis shortly after his purchase at the tax sale paid one hundred dollars and fifty-seven cents into the State treasury in redemption of the land.   In March, 1876, Gillis obtained an order from the judge to be put in possession of the land, and Mrs. Adams enjoined the execution of it.   After stating the case: —

MANNING, C. J.   The act of 1873 directs that lands sold under its provisions shall be redeemable within six months from the date of sale, and if not redeemed, that upon the purchaser presenting the tax collector's title to the auditor, this officer shall issue a deed of sale with full and complete title in the name of the State to the purchaser, and this shall vest the title completely and fully in him.   Acts 1873, p. 100.

It was not until 1874 that the Legislature provided for the summary issuance of a writ of possession, upon a tax collector's and auditor's title, and then only in relation to property that had been purchased by the State.

The defendant's counsel consented that the injunction, *quoad* the attempt to execute the writ of possession, shall be perpetuated.

The decree of the lower court went further.   It annulled the tax

Heirs *vs.* Hampton.

title of Gillis, and recognized the plaintiff as the legal owner of the property, and without providing for the reinbursement by the plaintiff of the money paid by Gillis in satisfaction of the claim of the State upon the property. This is error. The prayer of the petition does not demand such judgment. It is that the judgment (order) directing the writ of possession to issue, be annulled; that the injunction be perpetuated, that she be quieted in her possession, and her rights of property be recognized. The tax titles do not appear to be attacked, but only the summary process through which possession is sought to be effected under them. And if the prayer of the petition did justify a decree, we should not permit a debtor to escape the payment of his taxes, and force his creditors to their payment by his negligence or designed omissions, and himself reap the rewards of his creditor's outlay.

Gillis had sold this identical land to Mrs. Adams and she had paid only a part of the purchase price. She permitted two years of taxes to remain unpaid, and the land to go to sale. Gillis had either to buy or redeem, or lose his debt and the land. He either bought or redeemed (and it is not material for us to say now which legal act he did) and his vendee, twice delinquent, in not paying him for his land, and not paying the taxes upon it, cannot profit by the necessity placed upon him of paying into the State treasury that which she should have paid instead.

*Judgment affirmed so far as it perpetuates the injunction, and in all other respects reversed.*